UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CURTIS RICHARDSON,

    Plaintiff,

  v.

ROGER WALKER, LEE RYKER,
ASSISTANT WARDEN BOYD, MAGGIE
BRIAN, MCFARLAND, DR. LOFTIN,
NURSE HARDY and C/O BROOKS,

    Defendants.

Case No. 09-cv-888-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Curtis Richardson's motion for reconsideration (Doc. 18) of the Court's May 7, 2010, order (Doc. 8) dismissing counts 1 and 2. The Court dismissed those counts because Richardson failed to plead facts showing an objectively serious risk to health or safety or deliberate indifference on behalf of the defendants, both of which are needed to trigger Eighth Amendment protection. Richardson asks the Court to reconsider that finding.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983));  Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").  The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466

F.3d 570, 571-72 (7th Cir. 2006).  The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir.), *cert. denied*, 129 S. Ct. 588 (2008);  *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007), *cert. denied*, 552 U.S. 1101 (2008).

Richardson has presented no compelling reason for the Court to reconsider its order dismissing counts 1 and 2.  Accordingly, the Court **DENIES** his motion for reconsideration (Doc. 18).

**IT IS SO ORDERED.**
**DATED:  November 15, 2010**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**