**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CURTIS RICHARDSON,** | ) | |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | Case No.:   09-cv-888-JPG-PMF |
| **ROGER WALKER, et al.,** | ) ) | |
| **Defendants.** | ) | |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Curtis Richardson's motion for appointment of counsel or in the alternative to dismiss without prejudice (Doc. No. 46).  Neither request is opposed; however, the defendants seek an Order assessing costs against Richardson in the event this litigation is resumed in the future (Doc. No. 49).

The remaining Count (Count 3) pertains to the conditions of Richardson's former confinement at Lawrence Correctional Center.  Richardson claims that the defendants violated his First Amendment right to exercise his religious beliefs by subjecting him to tuberculosis testing. He seeks compensatory and punitive damages.  Written discovery has been served by the defense and plaintiff's deposition has been scheduled.  Discovery will close on January 14, 2010.

Richardson resides in Indiana, having been released from the Illinois Department of Corrections in June, 2010.  He claims that his current financial situation prevents him from attending any discovery, pretrial, or trial proceedings in Illinois.  Since he filed this action in September, 2009, Richardson has made no payment towards his $350.00 filing fee.

For reasons previously discussed, appointment of counsel is not warranted in these circumstances (Doc. No. 21).  Moreover, counsel's assistance will not help Richardson overcome

his financial problems.  Attorneys are asked to donate legal services.  They are not expected to transport litigants or advance transportation costs to clients.

Voluntary dismissal without prejudice is available on terms the Court considers proper.  Fed, R. Civ. P. 41(a)(2).  If Richardson pursues Count 3 against these defendants in a future lawsuit, he may be directed to pay all or part of the costs incurred by the defendants in this action.  Fed. R. Civ. P. 41(d).   The costs expended by the defendants to date are not disclosed, and it is not known whether Richardson will actually pursue Count 3 in the future.  Any assessment of costs would be speculative and should accordingly be deferred.

IT IS RECOMMENDED that plaintiff's motion for appointment of counsel or in the alternative for voluntary dismissal (Doc. No. 46) be GRANTED in part and DENIED in part.  This action should be dismissed without prejudice pursuant to Rule 41(a)(2).  Plaintiff is ADVISED that (1) he remains obligated to pay the $350.00 filing fee and (2) any effort to prosecute Count 3 against defendants Walker, Ryker, Boyd, Brian, McFarland, Loftin, Brooks, and/or Hardy in the future may result in an order directing him to pay all or part of the costs they incurred while defending this litigation.  If this recommendation is adopted, the pending motion to deem facts admitted (Doc. No. 45) will be MOOT.

The Clerk is DIRECTED to forward plaintiff's copy of this Report and Recommendation to the address listed on Richardson's recent motion (Doc. No. 46).

SUBMITTED:   December 17, 2010   .

  S/Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE